**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JOSEPH MAXWELL BROWN
JEWEL MOORE BROWN

    Debtors

DREW E. GILBERT

    Plaintiff

  v.

JOSEPH MAXWELL BROWN
and JEWEL MOORE BROWN

    Defendants

Case No. 05-37230

Adv. Proc. No. 06-3111

**MEMORANDUM ON
MOTION TO DISMISS COMPLAINT**

**APPEARANCES:** BAILEY, ROBERTS & BAILEY, PLLC
 Robert M. Bailey, Esq.
 Post Office Box 2189
 Knoxville, Tennessee 37901
 Attorneys for Plaintiff

       LAW OFFICES OF MAYER & NEWTON
 John P. Newton, Esq.
 Richard M. Mayer, Esq.
 1111 Northshore Drive
 Suite S-570
 Knoxville, Tennessee 37919
 Attorneys for Defendants/Debtors

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff, Drew E. Gilbert, on July 12, 2006, as amended by the Amended Complaint filed on September 19, 2006 (collectively, Complaint). By the Complaint, the Plaintiff objects to the discharge of the Debtors pursuant to 11 U.S.C.A. § 727(a)(4)(A) and/or (5) (West 2004) or, in the alternative, seeks a determination that a judgment entered in his favor against the Debtors on May 26, 2005, in the Chancery Court for Knox County, Tennessee, be declared nondischargeable under 11 U.S.C.A. § 523(a)(2)(A) or (B) (West 2004). The Defendants filed a Motion to Dismiss Complaint (Motion to Dismiss) on August 14, 2006, arguing that the Complaint fails to state a claim upon which relief can be granted.

I

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).

All factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has

pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Additionally, a defendant may move to dismiss a complaint that does not meet the requirements set forth in the Federal Rules of Civil Procedure. Specifically, Rule 9(b) requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b) (made applicable to adversary proceedings pursuant to Rule 7009 of the Federal Rules of Bankruptcy Procedure).

> In ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud "with particularity," a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct" allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony. *See, e.g., Credit & Finance Corp., Ltd. v. Warner & Swasey, Co.*, 638 F.2d 563, 566 (2d Cir. 1981). "Thus, it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1298, at 407 (1969).

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (footnote omitted).

"Averments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). Accordingly, in order "to satisfy Federal Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). Pursuant to Rule 8, these elements need only be pled "with a short and plain statement[;]" *Elder-Beerman Stores Corp.*, 222 B.R. at 312; however, "[t]he failure to identify specific parties, contracts, or fraudulent acts requires dismissal." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564 (6th Cir. 2003).

> Moreover,
>
> [t]he more relaxed requirement of the second part of Rule 9(b), that state or condition of mind can be averred generally, must not be mistaken for a "license to base claims of fraud on speculation and conclusory allegations." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (citing *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)). Accordingly, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Am. Express Travel Related Servs. Co., Inc. v. Henein*, 257 B.R. 702, 706 (E.D.N.Y. 2001).

*Master-Halco, Inc. v. Picard (In re Picard)*, 339 B.R. 542, 550 (Bankr. D. Conn. 2006). "[T]he bald assertion that a party violated a statute, unaccompanied by any description of the conduct that violated it - gives no notice of the claim, does not comply with Rule 8(a), and does not state a claim." *Mannheim Auto Fin. Servs., Inc. v. Park (In re Park)*, 314 B.R. 378, 385 (Bankr. N.D. Ill. 2004).

4

The Complaint cites § 727(a)(4) and (5) and § 523(a)(2) as the statutory basis for the Plaintiff's claim. Section 727(a) is liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); FED. R. BANKR. P. 4005. Likewise, the party seeking a determination of nondischargeability bears the burden of proving all elements by a preponderance of the evidence, *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991), and § 523(a) is construed strictly against the Plaintiff and liberally in favor of the Defendants. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003).

### A

The Plaintiff avers that the Defendants should be denied their discharge under § 727(a)(4)(A). To satisfy subsection (A), the Plaintiff must prove: (1) the Defendants made a statement under oath; (2) that was false; (3) they knew that the statement was false when they made it; (4) they fraudulently intended to make the statement; and (5) the statement materially related to the bankruptcy case. 11 U.S.C.A. § 727(a)(4)(A); *Keeney*, 227 F.3d at 685; *Hendon v. Oody (In re Oody)*, 249 B.R. 482, 487 (Bankr. E.D. Tenn. 2000). Section 727(a)(4)(A) includes both affirmative false statements and omissions. *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004). Furthermore, statements are material for the purposes of § 727(a)(4) if they "bear[] a relationship to the [debtor's] business transactions or estate, or concern[] the discovery of assets, business dealings, or the existence and disposition of property." *Keeney*, 227 F.3d at 686 (quoting *Beaubouef v. Beaubouef*

(*In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)). This includes a debtor's statements and schedules which are executed under oath and penalty of perjury and testimony given at a meeting of creditors. *Buckeye Ret. Co., LLC v. Heil (In re Heil)*, 289 B.R. 897, 907 (Bankr. E.D. Tenn. 2003).

The Complaint puts the Defendants on notice that the Plaintiff is objecting to their discharge under this subsection based upon statements made with respect to the sale of real property in 2000 and the documents executed in connection with that sale. Specifically, the Plaintiff avers that the Defendants made false statements within closing statements executed in conjunction with that sale, copies of which, along with the complaint and judgment in the lawsuit in the Chancery Court for Knox County, Tennessee, are attached to the Complaint. Taking the Complaint in a light most favorable to the Plaintiff, the court finds that he has pled sufficient facts to support an action under § 727(a)(4).

**B**

The Plaintiff also objects to the Defendants' discharge under § 727(a)(5), alleging that they have not adequately explained a loss or deficiency of assets. The court has "broad power [under § 727(a)(5)] to decline to grant a discharge . . . where the debtor does not adequately explain a shortage, loss, or disappearance of assets." *In re D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996). The initial burden is on the Plaintiff to establish the loss or deficiency of assets by demonstrating that (1) at a time not too remote from the bankruptcy, the Defendants owned identifiable assets; (2) on the day that they commenced their bankruptcy case, the Defendants no longer owned the particular assets

in question; and (3) their schedules and/or the pleadings in the bankruptcy case do not offer an adequate explanation for the disposition of the assets in question. *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 279 (Bankr. W.D. Ky. 1999). The Plaintiff is not required to prove that the Defendant acted knowingly or fraudulently, as "noticeably lacking from § 727(a)(5) is any element of wrongful intent or, for that matter, any affirmative defenses – § 727(a)(5) simply imposes strict liability." *Baker v. Reed (In re Reed)*, 310 B.R. 363, 368 (Bankr. N.D. Ohio 2004).

Once again, the Complaint provides the Defendants with notice of the Plaintiff's allegations that the Defendants have failed to satisfactorily explain what happened to approximately $53,000.00 received from the sale of real property in 2000 that is the subject of his § 727(a)(2)(A) cause of action. Taking the pleadings in a light most favorable to the Plaintiff, the court finds that he has pled sufficient facts to withstand the Defendants' Motion to Dismiss.

**C**

The Plaintiff also requests a determination, pursuant to § 523(a)(2)(A) or (B), that a state court judgment against the Defendants in the amount of $121,656.61 is nondischargeable. Section 523(a)(2) allows for the nondischargeability of debts incurred through fraudulent means, predicated upon either material misrepresentations or false financial documents, which are mutually exclusive. *See* 11 U.S.C.A. § 523(a)(2); *Copeland*, 291 B.R. at 759. To satisfy § 523(a)(2)(A), the Plaintiff must prove that the Defendants (1) obtained something of value through material misrepresentations that they knew were false or that they made with gross recklessness, (2) that the Defendants intended to deceive the Plaintiff, (3) that the Plaintiff justifiably relied on the Defendants' false

representations, and (4) that the Plaintiff's reliance was the proximate cause of his losses. *See Copeland*, 291 B.R. at 760 (citing *Rembert*, 141 F.3d at 280). A determination of nondischargeability under § 523(a)(2)(B) requires proof that the Plaintiff reasonably relied upon false financial documents concerning the Defendants or an insider provided to the Plaintiff by the Defendants, who intended to deceive the Plaintiff. *Copeland*, 291 B.R. at 780.

As with the § 727(a) issues, the court finds that the Complaint contains sufficient factual allegations to support a finding under either of these subsections. The Plaintiff alleges that the Defendants made false representations on the two closing statements concerning the aforementioned sale of real property in 2000. Both documents are attached to the Amended Complaint, as are the complaint and order granting judgment in the Chancery Court for Knox County, Tennessee. The Defendants have been given sufficient notice of the nature of the Plaintiff's claims against them, and taking the Complaint in a light most favorable to the Plaintiff, the court finds that he has pled sufficient factual allegations to support an action under either § 523(a)(2)(A) or (B).

## II

In summary, the court finds that the Plaintiff's Complaint sufficiently states facts upon which relief may be granted as requested under § 727(a)(4)(A) and/or (5) or, in the alternative, under § 523(a)(2)(A) or (B). Accordingly, the Motion to Dismiss shall be denied.

An order consistent with this Memorandum will be entered.

FILED: October 4, 2006

        BY THE COURT

        */s/ RICHARD STAIR, JR.*

        RICHARD STAIR, JR.
        UNITED STATES BANKRUPTCY JUDGE